IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RIGOBERTO ALEJANDRO LOPEZ MORALES,

Petitioner,

vs.

TIM DECKER, Dakota County Jail Sheriff; DAVID EASTERNWOOD, St. Paul ICE Field Office Director; MARKWAY MULLIN, Secretary U.S Department of Homeland security; TODD LYONS, Acting director of immigration and Customs Enforcement; and TODD BLANCHE, Acting Attorney General, U.S. Department of Justice;

Respondents.

**8:26CV378**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Rigoberto's Alejandro Lopez Morales's Petition for Writ of Habeas Corpus. Filing No. 1. For the reasons stated herein, the Court grants the Petition and orders Petitioner immediately released.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 6 at 3. He entered the United States as an unaccompanied minor on January 30, 2017, and was apprehended by Border Patrol. *Id.* He was issued a notice to appear in immigration court for removal proceedings and released to the care of his brother via the Office of Refugee Resettlement. *Id.* at 4. In October 2017, Petitioner filed for asylum with USCIS. *Id.* Petitioner submitted his asylum application to the immigration court in his removal proceedings as well, and on September 14, 2020, the immigration judge denied him asylum relief and ordered him removed to Guatemala. *Id.* Petitioner appealed and

remained on release during the pendency of his appeal, which lasted nearly five years. *Id.* On April 2, 2025, the BIA denied Petitioner's appeal. Filing No. 6-3.

Respondents arrested Petitioner on June 27, 2026. Filing No. 6 at 4; Filing No. 6-4. Respondents have continued to detain Petitioner, arguing he is subject to a final removal order. Filing No. 4 at 1. However, Respondents are not actively attempting to remove Petitioner because he is part of a class action settlement agreement pursuant to which "ICE will refrain from executing the final removal order until USCIS issues a final determination on his asylum application." Filing No. 4 at 2.

Petitioner files for a writ of habeas corpus releasing him. Filing No. 1.

## II. ANALYSIS

Respondents argue Petitioner is subject to mandatory detention because he has a final order of removal. As an initial matter, the Court questions the validity of the removal order. Respondents concede Petitioner is a class member of the J.O.P. settlement. See *Settlement Agreement, J.O.P. v. D.H.S.*, 8:19cv1944 (D. Md. June 7, 2024), *available at* https://www.ice.gov/doclib/legalNotice/jopSettlementAgreement.pdf.

The J.O.P. settlement arose following USCIS's attempt to change how it processed unaccompanied minors' asylum applications. In short, USCIS issued a May 2019 memorandum which attempted to remove protections for unaccompanied minors who had filed their applications after turning 18 or had reunited with a parent and sought to impose a one year-filing deadline for unaccompanied minor asylum applications. *Id.* at 1. A group of unaccompanied minors affected by the May 2019 memorandum brought a class-action suit, alleging the May 2019 memorandum violated the Administrative Procedures Act and the Due Process Clause. *Id.* at 2. The suit ended in a settlement

agreement between the parties. As is relevant to Petitioner's situation, the J.O.P. settlement agreement provides that USCIS, not the immigration court, has "initial jurisdiction" over former unaccompanied minors' asylum applications. *Id.* at 7. With respect to class members in removal proceedings, the settlement provides that "DHS will join or non-oppose . . . motion(s) for a continuance, administrative closure . . . and, where available, assignment of cases to the EOIR status docket." *Id.* at 8. The Court questions why the immigration court's order denying Petitioner's asylum application should be deemed valid when DHS has now agreed the immigration court did not have initial jurisdiction over the asylum application and where DHS should have agreed to continue or stay the proceedings, at least by the time the settlement was entered into (while Petitioner's case was on appeal).

Nevertheless, the Court need not reach the merits of the underlying immigration proceedings because even assuming the removal order is valid, the removal period has passed, and Petitioner is no longer subject to mandatory detention. The removal period commences on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Here, the BIA denied Petitioner's appeal of the immigration judge's denial of asylum application on April 2, 2025. Filing No. 6-3 at 3. It is not clear why Respondents chose not to detain Petitioner immediately thereafter during the removal period and they provide no explanation. Nevertheless, for whatever reason, the ninety-day removal period during which Respondents "shall" detain Petitioner has now passed and Petitioner is entitled to release. *See* 8 U.S.C. § 1231(a)(3) (providing that after the ninety-day removal period, the alien shall be subject to supervision). Respondents found it appropriate for Petitioner to be released for nearly nine years and admit they are not

actively seeking to remove him due to the pending USCIS asylum application. His current detention serves no purpose and is not mandated by the applicable statutes. Accordingly, Petitioner shall be released on the same terms as he was previously released during the pendency of his BIA appeal. Should USCIS ultimately deny Petitioner's asylum application, Respondents shall be permitted to re-detain Petitioner in order to effect his removal.

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Respondents may re-detain Petitioner only if USCIS denies his asylum application.
5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on August 21, 2026.**

Dated this 18th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge